UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ X
                                      :
TOKIO MARINE AND FIRE INSURANCE CO.,  :
LTD., as Subrogee, and NILT, INC., as :
Subrogor,                             :      05 CIV. 9153 (DLC)
                  Plaintiffs,         :
                                      :      OPINION & ORDER
                                      :
         -v-                          :
                                      :
LEONARD GRODIN,                       :
                                      :
                  Defendant.          :
------------------------------------ :
                                      :
LEONARD GRODIN,                       :
                                      :
               Third-Party Plaintiff, :
                                      :
         -v-                          :
                                      :
GEICO GENERAL INSURANCE COMPANY,      :
GOVERNMENT EMPLOYEES INSURANCE COMPANY,:
and KAY & GRAY,                       :
                                      :
               Third-Party Defendants. :
                                      :
------------------------------------ X

Appearances:

For Plaintiffs:
Jeremy Cantor
London Fischer LLP
59 Maiden Lane
New York, NY 10038

For Defendant/Third-Party Plaintiff:
Robert Boydstun
Harvey Gladsten & Partners LLP
110 Wall Street
New York, NY 10005-3680

For Third-Party Defendant Geico General
Insurance Company, Government Employees
Insurance Company:
Richard P. Byrne
GEICO General Insurance Company and
Government Employees Insurance Company
1001 Franklin Avenue
Garden City, NY 11530

For Third-Party Defendant Kay & Gray:
Frank T. Cara
McDonough Marcus Cohn Tretter Heller &
Kanca LLP
145 Huguenot Street
New Rochelle, NY 10801

DENISE COTE, District Judge:

Tokio Marine and Fire Insurance Company, Ltd. ("Tokio Marine") and Nissan-Infiniti LT ("NILT") have brought suit against Leonard Grodin ("Grodin") for common-law indemnification. Ann Blumenthal ("Blumenthal"), a pedestrian who was struck by a Nissan Pathfinder which was driven by Grodin and leased from NILT,[1] suffered catastrophic injuries and filed a personal injury lawsuit in state court against Grodin, NILT, Nissan Motor Acceptance Corporation, and Autotech Nissan ("State Court Action"). In settling the State Court Action, Tokio Marine, NILT's insurer, paid millions of dollars above the amount contributed by Grodin's primary insurer, GEICO Insurance Company ("Geico").

Grodin has filed a third party complaint against Geico, and Kay & Gray, a law firm to whom Geico referred Grodin's defense in the State Court Action. Grodin alleges that Geico breached its contract with Grodin by improperly failing to offer a defense to NILT in the State Court Action. Grodin's second cause of action

---

[1] Grodin leased the Pathfinder from Autotech Nissan, the lessor, which assigned NILT all rights, title and interest in the lease and the leased vehicle, granting NILT the power to collect and discharge obligations related to the Lease.

alleges breach of contract, bad faith, and legal malpractice against Geico and Kay & Gray for their alleged failure to settle the State Court Action within Grodin's Geico policy limits.  His third cause of action seeks a declaration that Geico is liable for the defense costs of the present action.  Tokio Marine and NILT have moved for summary judgment on their claim for common law indemnification and Geico and Kay & Gray have moved to dismiss the claims brought against them by Grodin for failure to state a claim.[2]

Background

The following facts are undisputed or taken in the light most favorable to Grodin.  On September 28, 2000, Grodin entered into a Lease Agreement ("Lease") with Autotech Nissan for the Pathfinder.  The Lease was assigned to Nissan Motor Acceptance Corporation which, in turn, granted full power to collect and discharge obligations under the Lease to NILT.  The Lease did not contain an indemnity provision.  As part of the Lease, Grodin was required to secure automobile insurance that provided coverage for bodily injury liability of $100,000 per person and $300,000 per occurrence.

Grodin secured insurance from Geico, which issued him a

---

[2] Grodin has also moved to dismiss Tokio Marine and NILT's claims for attorneys' fees and costs incurred in defending the State Court Action.  Tokio Marine and NILT have since withdrawn those claims, rendering Grodin's motion moot.

policy covering the Pathfinder on July 29, 2002 ("Geico Policy").
The Geico Policy contains a section entitled "Losses We Will Pay
For You" which states:

> [W]e will pay damages which an insured becomes legally
> obligated to pay because of:
> 1.   bodily injury, sustained by a person; and
> 2.   property damage
> arising out of the ownership, maintenance or use
> (including loading or unloading) of the owned auto or a
> non-owned auto.  We will defend any suit for damages
> payable under the terms of this policy even if the
> claim or suit is groundless.  We may investigate and
> settle any claim or suit.

On November 24, 2002, Grodin was involved in an accident
while attempting to park the Pathfinder near the intersection of
Third Avenue and East 26th Street in Manhattan.  Blumenthal was
knocked to the ground and struck her head, suffering serious
injuries.

On December 18, 2002, Geico wrote a letter to Grodin
indicating that it was aware of the accident and that Grodin had
no excess insurance.  It asked Grodin for a copy of the Lease and
advised him that NILT may have some additional rights against him
in the event that it was forced to pay a monetary settlement over
the limit of his underlying liability policy.  Geico also
informed Grodin that he might want to retain private counsel.
Geico's letter stated in pertinent part:

> The "lessor" may have some additional rights against you as
> the "lessee" in the event that they are forced to pay a
> monetary settlement over the limit of your underlying
> liability limit (of $100,000) as a result of this accident.
> You may be required to report this loss to them as well and,
> if so, you should do this now.

4

<u>You may wish to obtain your own attorney at your own
expense</u>, to cooperate with the defense attorney assigned to
your case (if a lawsuit is commenced against you – but no
such suit has been filed as far as we know).  You need not
do this, but is [sic] your right to do so under your policy
contact [sic].  We assure you that if it is necessary to
refer this claim to defense counsel that the attorney
assigned to your case will do his/her best to protect your
interests.

(Emphasis supplied.)  On December 26, 2002, Grodin advised Geico

that he had no insurance other than its policy.

On January 10, 2003, Blumenthal filed the State Court Action

against Nissan Motor Acceptance Corporation, NILT, Autotech

Nissan (collectively "Nissan") and Grodin in New York Supreme

Court seeking $10,000,000 in damages based on theories of

negligence.  By correspondence dated February 28, 2003, NILT's

contingent auto liability insurer, Tokio Marine, tendered the

defense of NILT in the State Court Action to Geico.

On March 3, 2003, Geico notified Tokio Marine that it would

be providing a defense to Nissan through Kay & Gray.  Grodin did

not retain his own counsel.  Kay & Gray interposed an answer on

his behalf.  Three days later, London Fischer LLP indicated that

Nissan had made an election to be defended by London Fischer

rather than Kay & Gray.  London Fischer interposed an answer on

behalf of Nissan in the State Court Action.  Nissan's answer did

not contain any cross claim for indemnification.

On June 18, 2003, Geico wrote to Blumenthal's counsel

offering to settle for the sum of $100,000, the full limit of

Grodin's policy with Geico.  On February 17, 2005, the State

Court Action settled for $6 million ("Settlement").  Tokio
Marine, as NILT's insurer, contributed $3 million to the
settlement, Geico contributed $100,000 and Royal & Sunalliance,
NILT's excess insurer, contributed $2.9 million.

DISCUSSION

I. Plaintiffs' Motion for Summary Judgment

         Summary judgment may not be granted unless all of the
submissions taken together "show that there is no genuine issue
as to any material fact and that the moving party is entitled to
a judgment as a matter of law."  Rule 56(c), Fed. R. Civ. P.  The
moving party bears the burden of demonstrating the absence of a
material factual question, and in making this determination, the
court must view all facts in the light most favorable to the non-
moving party.  Celotex Corp. v. Cartrett, 477 U.S. 317, 323
(1986); Sista v. CDC Ixis N. Am., Inc., 445 F.3d 161, 169 (2d
Cir. 2006).  When the moving party has asserted facts showing
that the non-movant's claims cannot be sustained, the opposing
party must "set forth specific facts showing that there is a
genuine issue for trial," and cannot rest on the "mere
allegations or denials" of the movant's pleadings.  Rule 56(e),
Fed. R. Civ. P.; accord Sista, 445 F.3d at 169.  Only disputes
over material facts, facts that might affect the outcome of the
suit under the governing law, will properly preclude the entry of

6

summary judgment.  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

Tokio Marine bings a common law indemnification claim against Grodin for the $3 million it paid as insurer for NILT in the settlement of Blumenthal's State Court Action against NILT and Grodin for personal injury.  A party is entitled to indemnification when it is held liable for a tort committed by a third party despite the fact that it has done no wrong.  <u>Glaser v. M. Fortunoff of Westbury Corp.</u>, 71 N.Y.2d 643, 646 (1988).[3] In contrast, contribution principles apply when one is held liable "at least partially" because of one's negligence.  <u>Id.</u> The principles of common law indemnification allow the party held vicariously liable to shift the entire burden of the loss to the wrongdoer.  <u>Frank v. Meadowlake Development Corp.</u>, 6 N.Y.3d 687, 691-92 (2006).  "The duty that forms the basis for the liability arises from the principle that 'every one is responsible for the consequences of his own negligence, and if another person has been compelled to pay the damages which ought to have been paid by the wrongdoer, they may be recovered from him.'"  <u>Raquet v. Braun</u> 90 N.Y.2d 177, 183 (1997) (citation omitted).  "The rule in the State of New York, is that a person entitled to indemnity, where he is liable to be mulcted in damages, may settle the claims and recover over and against the indemnitor, subject to

---

[3]  The parties agree that New York law applies to all claims in this action.

the proof (1) of liability and (2) as to the reasonableness of the amount of settlement." <u>McGurran v. DiCanio Planned Develop. Corp.</u>, 674 N.Y.S.2d 706, 707 (App. Div. 1998) (citation omitted). "A defendant who voluntarily pays without waiting for judgment assumes the risk of being able to prove the actionable facts upon which his liability depends, as well as the reasonableness of the amount he pays when he seeks recovery by way of indemnity from the party ultimately determined to be liable." <u>Id.</u>

To obtain indemnification from Grodin, plaintiffs must prove that NILT was liable to Blumenthal and that the settlement amount of $6 million was reasonable.  If Grodin has raised a triable issue of fact as to either NILT's liability to Blumenthal or the reasonableness of the settlement amount, the plaintiffs are not entitled to summary judgment.

Blumenthal's theory of liability against NILT was based on New York's vicarious liability statute.  N.Y. Veh. & Traf. Law, § 388.  For Grodin to be held liable for negligence to Blumenthal under New York law, Blumenthal had to demonstrate by a preponderance of the evidence that Grodin (1) owed her a duty of care; (2) he breached that duty; (3) she sustained injury; and (4) her injury was proximately caused by Grodin's breach of duty. <u>Japanese Airlines Co. Ltd., v. Port Authority of N.Y. and N.J.,</u> 178 F.3d 103, 109 (2d Cir. 1999).

Every driver of a motor vehicle has a duty, under New York

law, "to exercise due care to avoid colliding with any . . . pedestrian . . . upon any roadway."  N.Y. Veh. & Traf. Law § 1146.  Due care is the care "which is exercised by reasonably prudent drivers."  Kane v. United States of America, 189 F. Supp. 2d 40, 52 (S.D.N.Y. 2002) (citation omitted); see also Russell v. Adduci, 528 N.Y.S.2d. 232, 234 (App. Div. 1988).  Under New York law "decisions as to lack of reasonable care and its nexus to a plaintiff's injury are quintessential jury questions."  Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 215-16 (2d Cir. 2002).

A defendant can establish a prima facie entitlement to a judgment as a matter of law by providing evidence that the plaintiff darted out into traffic "outside of a crosswalk," leaving the driver unable to avoid contact with the pedestrian. Mancia v. Metropo. Transp. Auth. Long Island Bus, 790 N.Y.S.2d 31 (App. Div. 2005).  A vehicle must, however, yield to a pedestrian lawfully within a crosswalk.  Canradi v. N.Y. Transit Auth. et al., 671 N.Y.S.2d 506 (App. Div. 1998).

Grodin has submitted evidence that raises a question of fact as to whether he was operating his vehicle with reasonable care at the time of the accident that injured Blumenthal.  Grodin testified in his deposition that he completely stopped the Pathfinder for three to five seconds approximately two-car lengths in front of an available parking spot, looked in both side view mirrors and the rear view mirror, and then turned to

look over his right shoulder before putting the Pathfinder in reverse.  Grodin asserts that he continuously watched out for pedestrians while backing up the Pathfinder to angle it into the parking spot next to the crosswalk on the south side of 26th Street just east of Third Avenue.  He does not remember if the impact of the Pathfinder with Blumenthal occurred when any part of his vehicle was in the crosswalk.  His car was moving at a speed of two miles an hour and he was looking over his right shoulder when he heard the Pathfinder tap against an object. Grodin did not see Blumenthal at any point in time prior to the tap.  Grodin also testified that subsequent to the accident, "I suspected that there were spots that I didn't see because they were blind spots," and that he suspected the blind spots were located at both rear corners of the vehicle and behind the rear seat headrests.  Finally, Grodin has contended, "Blumenthal must have darted out into the street and run into the back of my Nissan Pathfinder as I did not see her prior to the tap and I was looking behind me as I was backing up."

Grodin's statements raise a genuine issue of fact as to whether Blumenthal was in the crosswalk when she was hit and whether Grodin exercised due care to avoid colliding with any pedestrian while backing the Pathfinder into a parking spot. Because there is a question of fact as to whether Grodin was liable to Blumenthal, there is also a question of fact as to whether Tokio Marine was liable to Blumenthal.

The plaintiffs have presented evidence that establishes the reasonableness of the settlement figure.  As a result of the accident, Blumenthal sustained a traumatic brain injury requiring surgery in the form of a right frontal craniotomy and removal of a subdural hematoma.  Her memory, cognitive functioning, and ability to smell, taste and walk were impaired.  Blumenthal also suffered anxiety, depression, and emotional distress as a consequence of the accident.  Grodin has not submitted any evidence that raises a question of fact regarding the seriousness of her injuries or the reasonableness of the settlement amount in the context of the issues at stake in the State Court Action.

The plaintiffs' motion for summary judgment is denied to the extent it is addressed to liability.  It is granted on the issue of reasonableness.


II.  Motions to Dismiss

Pursuant to Rule 12(b)(6), Fed. R. Civ. P., a defendant may move to dismiss a cause of action where it "fails to state a claim upon which relief can be granted."  In construing the complaint, the court must "accept all factual allegations in the complaint and draw inferences from those allegations in the light most favorable to the plaintiff."  Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir 1997).  If it is clear that "no relief could be granted under any set of facts that

11

could be proved consistent with the allegations," the claims should be dismissed.  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  A complaint need only "give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests."  Id. at 512.  The Court must accept the allegations pled in the complaint as true and may consider "documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit."  Rothman v. Gregor, 220 F.3d 81, 88-89 (2d Cir. 2000)).  See also Global Network Communications, Inc. v. City of N.Y., 458 F.3d 150, 156-57 (2d Cir. 2006).


A. Geico's Motion to Dismiss

1. Breach of Contract, Bad Faith and Legal Malpractice

    Geico moves to dismiss Grodin's second claim, a combined claim for breach of contract, bad faith and legal malpractice, on the grounds that 1) it is not vicariously liable for the acts or omission of Kay & Gray in the defense of the State Court Action, 2) and Grodin has failed to state a claim for bad faith against Geico.[4]  Under New York law, insurers are not vicariously liable for the malpractice of attorneys they retain to defend their insureds when the lawyers are independent contractors.  Feliberty

---

[4] Geico also moved to dismiss on the ground that it had no responsibility to indemnify Grodin for Nissan's attorneys fees for the underlying State Court Action.  This claim is moot since Tokio Marine and NILT have dropped their claim for attorneys fees against Grodin.

v. Damon, 72 N.Y.2d 112, 120 (1988).  This refusal to extend
vicarious liability exists because "the duty to defend an insured
is by its very nature delegable . . . for in New York[,] . . . an
insurance company is in fact prohibited from the practice of law"
and because the "paramount interest independent counsel
represents is that of the insured, not the insurer."  Id.  Where
an insurer is unable to provide or control the legal services at
issue and there is a remedy for incompetence against counsel, the
imposition of vicarious liability is unwarranted.  Id.  See also
Elm Ins. Co v. Geico Direct, et al., 805 N.Y.S.2d 34 (App. Div.
2005).

       In response to this motion, Grodin asserts that the Kay &
Gray attorneys defending him were not independent counsel, but
employees of Geico.  He will be permitted to amend his pleading
to add such an assertion.

       Under New York law, in order to establish a prima facie case
of an insurer's bad faith in connection with its treatment of a
settlement offer, "the plaintiff must establish that the
insurer's conduct constituted a 'gross disregard' of the
insured's interests -- that is, a deliberate or reckless failure
to place on equal footing the interests of its insured with its
own interests when considering the settlement offer."  Pavia v.
State Farm Mutual Automobile Insurance, 82 N.Y.2d 445, 453
(1993).  Ordinary negligence is an "insufficient predicate for a
bad-faith action."  Id. at 456.  Where an insurer "deliberately

or recklessly" misrepresents the status of the litigation, thereby effectively depriving the insured of a meaningful opportunity to protect its interests, it has acted in bad faith. Elm, 805 N.Y.S.2d at 35. See also Smith v. General Accident Insurance Company, 91 N.Y.2d 648, 653 (1998).

Grodin has stated a claim for breach of contract and bad faith. In his Amended Third Party Complaint, he alleges that "third-party defendants failed to advise[]" him "of the terms of the settlement" of the State Court Action and the "portion of the settlement that exceeded the limits of coverage" of his Geico motor vehicle insurance policy. Grodin also alleges that Geico misrepresented the status of his liability in the settlement of the State Court Action by communicating to him that the State Court Action was "successfully resolved."

## 2. Attorneys Fees for the Present Action

Geico moves to dismiss Grodin's claim that Geico is liable for his attorney's fees in the present action on the ground that it has no duty to defend Grodin in the present action under the terms of Grodin's insurance policy with Geico. "It is a well-established legal principle that the duty of an insurer to defend is broader than its duty to pay." Allianz Ins. Co. v. Lerner, 416 F.3d 109, 115 (2d Cir. 2004) (citation omitted). The duty to defend "arises whenever the allegations within the four corners

14

of the underlying complaint potentially give rise to a covered
claim, or where the insurer 'has actual knowledge of facts
establishing a reasonable possibility of coverage.'"   Id.
(citation omitted).

        The Geico policy states,

        [Geico] will pay damages which an insured becomes legally
        obligated to pay because of:
              1) bodily injury, sustained by a person; . . .
        arising out of the . . . use  . . . of . . . a non-owned
        auto.  We will defend any suit for damages payable under the
        terms of this policy even if the claim or suit is
        groundless.

The question at issue is whether the plaintiffs' claim against
Grodin is a "suit for damages payable under the terms" of the
Geico policy.

        Construing an insurance policy that provided that "Allstate
will defend a person insured if sued as the result of a covered
auto accident," the Second Circuit has held that Allstate had a
duty to defend its insured driver on the indemnification claim
brought on behalf of the leasing company because that claim arose
"as a result" of the covered automobile accident.  Allianz, 416
F.3d at 116.  The terms of the Geico policy are not identical to
the terms of the Allstate policy at issue in Allianz.
Nonetheless, parroting the terms of the Geico policy, plaintiffs'
claim seeks "damages which [Grodin may be] legally obligated to
pay because of bodily injury sustained by a person arising out of
the use of" the leased auto.  Grodin has sufficiently pled that

Geico has a duty to defend him in the instant action, and has stated a claim for attorney's fees.[5]  The indemnification damages which the plaintiffs seek from Grodin exist "because of" the injuries sustained when Blumenthal was struck by Grodin's automobile.  Contrary to Geico's argument, its payment of its policy limit does not relieve it of its duty to defend.  Id. at 117.


B. Kay & Gray's Motion to Dismiss

Kay & Gray move to dismiss Grodin's claim for legal malpractice on the grounds that (1) Grodin failed to state a cause of action, (2) Kay & Gray did not have a conflict of interest in representing Geico and Grodin, and (3) it did not have a duty to ensure that the settlement offer was fair and reasonable.  A plaintiff seeking to recover damages for alleged legal malpractice must prove: (1) that the defendant failed to exercise that degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, (2) that such negligence was the proximate cause of the actual damages sustained by the plaintiff, and (3) that, but for the defendant's negligence, the plaintiff would have been successful in the underlying action.  Simmons v. Edelstein, 32

---

[5] If Geico had framed its motion as a motion for summary judgment, it would be denied.

820 N.Y.S.2d 614, 615 (App. Div. 2006).  See also Allianz, 416
F.3d at 118; Wester v. Sussman, 757 N.Y.S.2d 500 (App. Div.
2003).

Grodin has alleged that it may have been possible for Kay &
Gray attorneys to secure a release from Tokio Marine and NILT of
common law indemnification claims against him.  His Amended Third
Party Complaint contends that prior to entering into the
settlement of the State Court Action, Kay & Gray failed to advise
him of the terms of the settlement, failed to advise him of the
portion of the settlement that exceeded the limits of his Geico
policy, permitted a settlement for a sum in excess of the fair
and reasonable value of the claim, and that as a result he was
improperly exposed to damages in excess of coverage limits.
Grodin also asserts that Kay & Gray labored under a conflict of
interest given its desire to keep defense costs low.  These
allegations are sufficient to state a claim for malpractice.

Kay & Gray relies on Allianz, 416 F.3d at 118-19, in making
this motion.  Allianz addressed a summary judgment motion and
therefore reviewed the evidence submitted by the parties.  At
this stage, Grodin has met his burden of stating a claim.


Conclusion

The plaintiffs' motion for summary judgment is granted on
the issue of the reasonableness of the settlement.  It is

otherwise denied.  Geico's motion to dismiss and Kay & Gray's motion to dismiss are each denied.  Grodin has until November 10, 2006 to file an amended complaint adding to his second claim the allegation that the Kay & Gray attorneys defending him were not independent counsel, but employees of Geico.


Dated:     New York, New York
           October 27, 2006


                                   _____
                                          DENISE COTE
                                 United States District Judge


18