```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X
                                         :
TOKIO MARINE AND FIRE INSURANCE CO.,     :
LTD., as Subrogee, and NILT, INC., as    :
Subrogor,                                :   05 Civ. 9153 (DLC)
            Plaintiffs,                  :
                                         :   MEMORANDUM OPINION
       -v-                               :        AND ORDER
                                         :
LEONARD GRODIN,                          :
                                         :
            Defendant.                   :
---------------------------------------  :
                                         :
LEONARD GRODIN,                          :
                                         :
            Third-Party Plaintiff,       :
                                         :
       -v-                               :
                                         :
GEICO GENERAL INSURANCE COMPANY,         :
GOVERNMENT EMPLOYEES INSURANCE COMPANY,  :
and KAY & GRAY,                          :
                                         :
            Third-Party Defendants.      :
---------------------------------------- X
```

Appearances:

For Plaintiffs:
Jeremy Cantor
London Fischer LLP
59 Maiden Lane
New York, NY 10038

For Defendant/Third-Party Plaintiff:
Robert L. Boydstun
Harvey Gladstein & Partners LLC
110 Wall Street
New York, NY 10005-3860

DENISE COTE, District Judge:

In an Opinion of October 27, 2006, the plaintiff's first summary judgment motion was denied in part.  Tokio Marine & Fire Ins. Co., Ltd. v. Grodin, No. 05 Civ. 9153 (DLC), 2006 WL 3054321 (S.D.N.Y. Oct. 27, 2006) ("October 2006 Opinion").[1]  After the completion of discovery, the plaintiff renewed its motion for summary judgment on May 21, 2007.  For the following reasons, the motion is granted.

The defendant Leonard Grodin ("Grodin") leased a Nissan Pathfinder from plaintiff Nissan-Infiniti LT ("NILT").  Grodin's car hit and severely injured Ann Blumenthal ("Blumenthal") while he was backing the car into a parking spot adjacent to a pedestrian cross-walk on a Manhattan street.  Blumenthal's lawsuit in state court against Grodin and NILT was settled for millions of dollars above the amount contributed by Grodin's insurer.  NILT and its insurer and co-plaintiff Tokio Marine and Fire Insurance Company, Ltd. ("Tokio Marine") commenced the instant lawsuit against Grodin for common law indemnification to recover their contribution to the settlement.

The October 2006 Opinion granted summary judgment to the plaintiffs on one of the two showings they must make in order to win indemnification.  It found that the plaintiffs had

---

[1] The October 2006 Opinion is incorporated by reference and familiarity with it is assumed.

2

demonstrated that the amount paid to Blumenthal in settlement was reasonable.  Id. at *4.  It found, however, that Grodin had raised questions of fact as to whether he was liable to Blumenthal.  Id.  After the October 2006 Opinion was issued, the parties undertook discovery.  The plaintiffs have now supplemented their motion for summary judgment with deposition testimony from one of three eyewitnesses to the accident.[2]  Based on this new record, plaintiffs have shown that Grodin breached his duty of care to Blumenthal and that this breach was the proximate cause of her injuries.  Grodin, who does not know how the accident occurred, has been unable to raise a question of fact on these issues to require a jury trial.

Niritte Brodsky ("Brodsky") testified at her deposition that she had an unobstructed view of Blumenthal and Grodin before and during the accident.  Blumenthal was in the crosswalk when the car struck, with the traffic light in her favor.  Before that time, she had been standing on the sidewalk waiting for the light to change.  The rear of the Pathfinder struck Blumenthal while its driver was trying to park it.  Brodsky indicated that the car was "moving pretty fast," and the driver had made only a very quick glance at his mirrors.

---

[2] While written statements from three eyewitnesses provide essentially consistent descriptions of the accident, all of which are adverse to Grodin, the plaintiffs took the deposition of only one of the witnesses.  As a result, the record includes admissible evidence from one eyewitness.

3

For his part, Grodin never saw Blumenthal. He suspects that he failed to see her because there are blind spots in the rear corners of his car and behind the rear seat headrests. He speculates that Blumenthal may have darted out into the street and run into the back of his car while he was backing up. His speculation is not sufficient to raise a question of fact as to where Blumenthal was when she was hit. The undisputed admissible evidence is that Blumenthal was legally in the crosswalk with the traffic light in her favor when Grodin backed his car into the crosswalk, striking Blumenthal and causing her to fall and sustain serious head injuries. Grodin has offered no competent evidence to raise a question of fact regarding whether Blumenthal was outside of the crosswalk. As described in the October 2006 Opinion, New York law is clear that a vehicle must yield to a pedestrian lawfully within a crosswalk. Id. at *4.

The defendant's recourse to Brown v. City of New York, 655 N.Y.S.2d 567 (App. Div. 1997), is unpersuasive. The plaintiff in Brown had attempted to cross in the middle of a four-lane street by "dart[ing] out without stopping or looking into a moving lane of traffic, and hit[ting] [the driver's] van after its front had already passed the gap between cars to its right through which opening the plaintiff came." Id. at 568. Brown stands for the proposition that a driver is "free of any actionable negligence as a matter of law and that there is no genuine issue requiring

4

trial" in this limited factual circumstance where there was no evidence that the driver had driven in an unreasonable manner and the driver had no "indication that the injured plaintiff was likely to run out suddenly from between the stopped vehicles to his right."  Id. at 568-69.  This case does not support Grodin's contention that he is free from negligence as a matter of law when he hit Blumenthal while she was lawfully crossing the street in a crosswalk with the light in her favor.

The plaintiffs have therefore demonstrated that Grodin was negligent to at least some degree when hitting Blumenthal while backing his Pathfinder.  In doing so, they have met their burden of proof for a common-law indemnification claim under New York law, which requires that the party seeking indemnity "prove . . . that it was not guilty of any negligence beyond the statutory liability" and "that the proposed indemnitor was guilty of some negligence . . . ."  Perri v. Gilbert Johnson Enter., Ltd., 790 N.Y.S.2d 25, 30 (App. Div. 2005).

Grodin's defenses to this claim fail.  His complaint about the plaintiffs' initial failure to serve a Rule 56.1 Statement has been addressed.  The Statement was submitted and he has responded to it.  Finally, Grodin asks to reopen discovery to gather evidence from plaintiffs that might support an affirmative defense to the effect that Grodin was misled into believing that he would be fully protected if he obtained the insurance required

by his lease.[3]  Grodin made a prior request to reopen discovery on April 27, 2007, the last day for fact discovery.  That request was for limited additional discovery of a third-party defendant, not for taking further discovery from the plaintiffs.  The April 27 request for discovery was denied for Grodin's failure to show that he had been diligent during the discovery period.  This belated request for discovery of the plaintiffs is also denied for the same reason.

CONCLUSION

The plaintiffs' May 21, 2007 motion for summary judgment is granted.  The Clerk of Court shall enter judgment for the plaintiffs and against the defendant.  Because the third-party action remains pending, the Clerk of Court shall not close the case.

SO ORDERED.

Dated:   New York, New York
         August 28, 2007

               _____
                       DENISE COTE
               United States District Judge

---

[3] Grodin has not offered any evidence to support this defense or cited to any such evidence in either his own Rule 56.1 Statement or his Counter-Statement to the plaintiffs' Rule 56.1 Statement.