```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
TOKIO MARINE AND FIRE INSURANCE CO.,    :
LTD., as Subrogee, and NILT, INC., as   :
Subrogor,                               :   05 Civ. 9153 (DLC)
          Plaintiffs,                   :
                                        :   MEMORANDUM OPINION
          -v-                           :        AND ORDER
                                        :
LEONARD GRODIN,                         :
                                        :
          Defendant.                    :
--------------------------------------- :
                                        :
LEONARD GRODIN,                         :
                                        :
          Third-Party Plaintiff,        :
                                        :
          -v-                           :
                                        :
GEICO GENERAL INSURANCE COMPANY,        :
GOVERNMENT EMPLOYEES INSURANCE COMPANY, :
and KAY & GRAY,                         :
                                        :
          Third-Party Defendants.       :
----------------------------------------X
```

Appearances:

For Defendant/Third-Party Plaintiff:
Robert L. Boydstun
Harvey Gladstein & Partners LLC
110 Wall Street
New York, NY 10005-3860

For Third-Party Defendant Kay & Gray:
Frank T. Cara
McDonough Marcus Cohn Tretter Heller & Kanca LLP
145 Huguenot Street
New Rochelle, NY 10801

DENISE COTE, District Judge:

Third-party defendant law firm Kay & Gray has moved for summary judgment in this action, which arises out of an accident in which defendant Leonard Grodin ("Grodin") seriously injured a pedestrian when backing his car into a parking spot next to the crosswalk in which the pedestrian was walking. In a recently issued Opinion, summary judgment was granted against Grodin and in favor of the plaintiffs, Nissan-Infinity LT and Tokio Marine and Fire Insurance Co., Ltd. ("NILT," "Tokio Marine," together "Nissan"). Tokio Marine & Fire Ins. Co., Ltd. v. Grodin, No. 05 Civ. 9153 (DLC) (S.D.N.Y. Aug. 28, 2007) (granting plaintiffs' second motion for summary judgment). Nissan owned the car Grodin was driving and paid $3 million to settle state court litigation with the pedestrian. For the following reasons, Kay & Gray's motion is granted.

BACKGROUND

The accident occurred on November 24, 2002. Grodin was driving a Nissan Pathfinder, which he had leased from a division of NILT. The lease required Grodin to obtain insurance that provided coverage for bodily injury liability of $100,000 per person and $300,000 per occurrence, which he obtained from GEICO General Insurance Company ("GEICO"). On December 18, 2002, GEICO informed Grodin that as a result of the accident he had personal

2

exposure above the policy limits and that he may want to retain his "own attorney" at his own expense "to cooperate" with the defense attorney that GEICO would assign to the case if a lawsuit were filed.  The letter added, "You need not do this, but [it] is your right to do so under your policy contract.  We assure you that if it is necessary to refer this claim to defense counsel that the attorney assigned to your case will do his/her best to protect your interests."

In February 2003, the pedestrian sued Nissan and Grodin in state court.  GEICO assigned Kay & Gray to defend Grodin.  London Fischer represented Nissan and did not file any cross-claims for indemnification against Grodin when it filed its answer in that action.  London Fischer asked GEICO to tender its policy limit to facilitate its settlement discussions with the pedestrian's counsel.  GEICO did so in June 2003.  On February 17, 2005, the state lawsuit was settled for $6 million, which included a $100,000 payment by GEICO, a $3 million payment by NILT's primary insurer Tokio Marine, which was its policy limit, and a $2.9 million payment by NILT's excess insurance carrier.

On October 27, 2005, Nissan filed this action to recover $3 million from Grodin on a theory of common law indemnification.  Grodin sued GEICO, Government Employees Insurance Company, and Kay & Gray, alleging that Kay & Gray committed malpractice when it failed to obtain a waiver of the Nissan indemnification claim

3

during the settlement of the state court litigation.  On May 24, 2007, Grodin stipulated as to the dismissal of the action against GEICO and Government Employees Insurance Company.

The parties agree that the only claim Grodin is pursuing against Kay & Gray is for legal malpractice.  As described in the October 27, 2006 Opinion in this case, to recover damages from Kay & Gray on this claim, Grodin must prove that the law firm failed to exercise the degree of care, skill, and diligence commonly possessed and exercised by an ordinary member of the legal community, that such negligence was the proximate cause of the actual damages sustained by Grodin, and that but for this negligence, Grodin would have been successful in obtaining Nissan's waiver of its indemnification claim in the state court action.  Tokio Marine & Fire Ins. Co., Ltd. v. Grodin, No. 05 Civ. 9153 (DLC), 2006 WL 3054321, at *7 (S.D.N.Y. Oct. 27, 2006) ("October 2006 Opinion") (citing Simmons v. Edelstein, 820 N.Y.S.2d 614, 615 (App. Div. 2006)).[1]

Kay & Gray's motion for summary judgment rests entirely on the third prong of this test: Grodin's burden to prove "but for" causation.  It does not claim that it is entitled to summary

---

[1] The October 2006 Opinion is incorporated by reference and familiarity with it is assumed.

4

judgment on the first two prongs.[2]  The law firm contends that Grodin has failed to show that Nissan or its primary insurer would have agreed to waive their common law indemnification claim against Grodin if they had been asked.

Deposition testimony taken in this litigation from Cheryl Monroy ("Monroy"), an assistant vice president at Tokio Marine Management and manager of the risk management center for certain lines of business, indicates that the insurer would have considered a request to waive an indemnification claim and all of the factors relevant to that decision if the request had been made.  No request, however, was made and it is pure speculation whether the request would have been granted if made.  Ordinarily, Tokio Marine waits until the conclusion of an underlying action to run an asset search to determine whether there are assets that it could potentially recover.  Tokio Marine decides whether to pursue an indemnification claim only after conducting this search.  After undertaking such a review in this case, of course, it decided to file the instant lawsuit.

Monroy also testified that Tokio Marine might, under some circumstances, waive an indemnity claim as part of the settlement of an underlying action.  She reports that in her seventeen years

---

[2] Among other things, it appears that Grodin is prepared to show at trial that Kay & Gray did not keep him advised of the course of the state court proceedings, including settlement offers and their ramifications for him.

5

of working at the company, Tokio Marine has been asked to waive a potential indemnity claim prior to the settlement of an underlying action fewer than ten times, and that it has agreed to do so on several of these occasions.[3]  She recalls that in these cases, Tokio Marine considered the following factors in consenting to waive its right to seek indemnification: the lessees' lack of assets, the refusal of the insurance carrier to tender the primary limits without Tokio Marine's waiver, as well as other factors leading Tokio Marine to believe that it was not in its financial interest to withhold consent to waive an indemnification claim.  Generally, Tokio Marine considers the same factors when it considers waiving an indemnification claim either in response to a request for a waiver during the litigation of an underlying action, or after the conclusion of the underlying action and before it files a lawsuit to assert the indemnification claim.  As noted, in this case, Tokio Marine reviewed the factors it considers relevant to making a decision to waive its right to seek indemnification after the litigation

---

[3] In reply, Kay & Gray has offered the testimony of Curtis Hamilton, a liability supervisor in Tokio Marine's contingent liability unit, which is the unit handling the indemnification claim brought against Grodin in this lawsuit.  Hamilton's testimony was provided in another, unrelated lawsuit, where he testified that he is unaware of any instance in which Tokio Marine waived its right to seek indemnification in order to settle a case.  Since Monroy was aware of several instances in which waivers were granted, Hamilton's ignorance of such occurrences is essentially irrelevant.

with the pedestrian was settled.  Based on these factors, including accessible information on Grodin's financial condition, Tokio Marine determined that it would commence litigation against Grodin based on an assertion of common law indemnification.

Kay & Gray also points out that Grodin did not have the contractual right under his insurance policy, either directly or through Kay & Gray, to prevent GEICO from tendering its policy to settle the litigation with the pedestrian.  Nor did Grodin have the power to prevent Nissan from settling with the pedestrian and seeking indemnification from Grodin.  Moreover, if Grodin had not settled with the pedestrian, the case would have proceeded to trial against Grodin alone, with Grodin being able to use the Nissan settlement amount as a set-off from the verdict, but with Nissan still entitled to bring the instant action for common law indemnification.

To raise a question of fact, Grodin relies on an expert affidavit from Alan Roberts ("Roberts"), who identifies himself as an attorney who has rendered legal services for insurance companies representing insured defendants in personal injury cases, including cases in which the client did not have enough insurance to pay the expected verdict or settlement.  Roberts asserts that he is admitted to practice law in New York, but does not identify his present employment.  He acknowledges that he has never testified as an expert witness.  He opines that

7

> it is more than likely that had Kay and [sic] Gray properly represented Mr. Grodin in insisting to all co-defendants that the right of indemnification be waived as part of the settlement of the underlying matter, Tokio Marine <u>would have given serious consideration</u> to waiving the common law indemnification claim.

(Emphasis supplied.)  Representing that Monroy testified that Tokio Marine grants waivers "most of the time" they are requested, he adds that it is his opinion that "had Kay & Gray requested [a waiver] it is more likely than not that the indemnification claim against Mr. Grodin would have been waived." In sum, "but for the negligence and deviation from good and accepted practice of Kay & Gray in failing to properly represent Mr. Grodin by requesting a waiver of indemnification by his co-defendants, he would never have been a defendant in the present action."

Kay & Gray contends that Roberts's affidavit is insufficient to raise a question of fact for several reasons.  It argues that his assertion -- that "had Kay & Gray requested [a waiver] it is more likely than not that the indemnification claim against Mr. Grodin would have been waived" -- does not provide evidence that the waiver "would have" been granted, and therefore is inadequate.  Just as significantly, Kay & Gray also attacks Roberts's "expertise."  Roberts is not eligible to practice law

8

in New York,[4] and failed to comply with the requirement of Rule 26(2)(b), Fed. R. Civ. P., that he disclose the information considered in forming his opinion, the bases for his opinion, his qualifications to serve as an expert on this issue, a list of publications, and information regarding his compensation.

Without reaching each of the infirmities in Grodin's proffer of Roberts as an expert, it is sufficient to note that Grodin has not shown that Roberts is an expert on the issue on which this motion turns.  There is no dispute that Tokio Marine would have considered a request for a waiver had it been made during the underlying litigation; Monroy herself testified to this fact.  What is at issue is whether Tokio Marine would have granted that request had it been made before the settlement was reached with the injured pedestrian.  Grodin has not shown that Roberts has any expertise to offer on this question.  In addressing this issue, Roberts's affidavit relies exclusively on his reading of Monroy's deposition as opposed to any expertise developed from work in this area.[5]

---

[4] Roberts failed to submit his registration form to the Office of Court Administration which was due November 2006.

[5] Roberts asserts that Monroy testified that Tokio Marine "had granted waivers of [indemnity] claims most of the time that such waivers were requested."  Roberts does not indicate where Monroy gave such testimony and Grodin has not submitted evidence showing that she did give such testimony.  Kay & Gray disputes that she ever testified as described by Roberts.

It is clear from Monroy's deposition testimony that requests for waivers are rare, that Tokio Marine will not automatically grant every request, and that Tokio Marine will consider essentially the same factors when deciding whether to grant the request or to file a suit for indemnification.  If there is any inference to be drawn from her testimony, it is harmful to Grodin since after Tokio Marine weighed these factors, it chose to sue Grodin.  To carry his burden at trial of showing that Tokio Marine would have granted his request for a waiver, Grodin would have to present evidence showing that the analysis Tokio Marine would have undertaken if Kay & Gray had made a timely request, would have resulted in a favorable decision.  He has not done so.  Unless he can show that Tokio Marine always grants such requests, showing that it will do so on occasion or even frequently is simply insufficient without evidence that it would have done so for him.  See Allianz Ins. Co. v. Lerner, 416 F.3d 109, 119 (2d Cir. 2005)(affirming summary judgment for the law firm where the client failed to offer evidence to dispute the insurer's testimony that "at no time" would it have agreed to drop its cross claim for indemnification).

Grodin attempts to place this burden of producing evidence on Kay & Gray.  He complains that Kay & Gray did not describe Grodin's financial condition to Monroy during her deposition to

10

obtain an opinion as to whether Tokio Marine would have waived its indemnification claim in such circumstances. Grodin had the opportunity to put those questions to Monroy and to develop that evidence if he believed that it would benefit him. Since Kay & Gray has shown through its moving papers that it is entitled to summary judgment, the burden is on Grodin to present evidence to raise a question of fact requiring a trial. He has not done so.

CONCLUSION

Kay & Gray's May 24, 2007 motion for summary judgment is granted. The Clerk of Court shall close the case.

SO ORDERED.

Dated:   New York, New York
         August 29, 2007

                                    _____
                                           DENISE COTE
                                    United States District Judge